[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-12427
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cv-62836-BB

ANGEL LOPEZ,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 19, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Florida prisoner Angel Lopez appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition.  Lopez contends his trial counsel's choice of an insanity defense was unreasonable.  He asserts the evidence supported a theory of self-defense, and his counsel was ineffective in choosing a defense strategy.[1] After review,[2] we affirm the district court.

A person in custody pursuant to the judgment of a state court shall not be granted habeas relief unless the state court's decision on the merits was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  Because the state appellate court affirmed without discussion Lopez's claim that trial counsel was ineffective for failing to develop and utilize the defense of self-defense, we "look

---

[1] The district court granted Lopez a certificate of appealability as to all of the grounds he raised in his § 2254 petition.  On appeal, however, Lopez limits his arguments to his counsel's ineffectiveness regarding his choice of defense.

[2] We review the district court's denial or grant of a § 2254 habeas petition *de novo*. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005).  Ineffective-assistance-of-counsel claims are mixed questions of law and fact, which we review *de novo*.  *Id.*   The standard of review is "doubly deferential" when a *Strickland* claim is evaluated under the § 2254(d)(1) standard.  *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold."  *Id.* (quotation marks omitted).

through" to the state post-conviction court's denial of Lopez's Florida Rule of Criminal Procedure 3.850 motion as the state court decision on the merits. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018) (explaining if the last state court to decide a prisoner's federal claim does not set out its reasons for denying the prisoner's claim, we "look through" to the last related state-court decision that provides a relevant rationale). We presume the unexplained state court decision adopted the same reasoning unless the State rebuts that presumption. *Id.*

To succeed on an ineffective-assistance-of-counsel claim, a defendant must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." *Cummings v. Sec'y for Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quotation marks omitted). Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* It is not enough for the defendant to show the error had some conceivable effect on the outcome of the proceeding. *Id.* at 693.

3

The district court did not err in denying Lopez's § 2254 petition because the state post-conviction court's denial of his ineffective-assistance-of-counsel claim was not an unreasonable application of *Strickland*. The state post-conviction trial court's determination that trial counsel's decision to argue both self-defense and insanity did not prejudice Lopez because the evidence did not support a meritorious self-defense theory alone was not contrary to, or an unreasonable application of federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The evidence Lopez points to on appeal does not establish he was in imminent fear of danger at the time of the shooting. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("Under Florida law a person is justified in using deadly force if he reasonably believes that it is necessary to prevent imminent death or great bodily harm to himself or another." (quotation marks omitted)). Even if the evidence supports that Lopez rationally believed he was in danger in the parking lot and while he was leaving the parking lot, he did not shoot Yahtavian Bellamy at that time. The evidence did not establish a rational fear of harm at the relevant time that Lopez pulled alongside Bellamy's car, shooting into it several times. Lopez himself testified that he could not recall shooting into Bellamy's car, thus making a self-defense theory nearly impossible to prove in the absence of Lopez's inability to rationalize what he was thinking at the time of the

4

shooting.  Additionally, in concluding the state court did not unreasonably apply *Strickland*, the district court did not err in ascribing more weight to Deputy Scott Popick's and Brandon Burton's testimony over Erika Jayska's testimony.  Jayska's testimony, even if strongly credited, cannot overcome Burton's and Popick's, due to her limited visibility from the rearview mirror and her incomplete picture of the entire actual shooting.  *See id.*

Lastly, counsel did present the self-defense theory to the jury.  Despite counsel's admission that Lopez had a delusional belief that he was in imminent fear of danger, counsel presented evidence of self-defense.  The jury was exposed to all of the defense witnesses who testified they were in fear of Bellamy in the parking lot and received a self-defense instruction, but still rejected it.  As the jury heard the self-defense theory and rejected it, there was not a reasonable probability that presenting a theory of self-defense alone instead of presenting both insanity and self-defense would have changed the outcome of the proceeding.  *See Strickland*, 466 U.S. at 694.

As Lopez's claim does not meet the prejudice prong of Strickland, we need not address whether his counsel's performance was also deficient.  *See Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (explaining if the defendant makes an insufficient showing on the prejudice prong, we need not address the performance prong, and vice versa).

In sum, there was a reasonable basis for the state court to conclude Lopez's counsel's choice of defense did not prejudice him, and the district court did not err when it determined the state-post-conviction court's denial of Lopez's ineffective-assistance-of-counsel claim was not an unreasonable application of *Strickland*.

**AFFIRMED.**